IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
IN ADMIRALTY

STARBOARD YACHT GROUP LLC          CASE NO: 0:24-cv-60352-RS
A Florida Limited Liability Company,

Plaintiff,

vs.

M/V ANDIAMO, a 2019 Azimut, 50 Flybridge
Model Vessel, its engines, tackle, boats, gear,
machinery, appurtenances, including one Seakeeper
6 Stabilization unit, etc., *in rem,*

      Defendant.

_____/

**MOTION TO APPOINT SUBSTITUTE CUSTODIAN FOR VESSEL AND
SEAKEEPER 6 UNIT.**

COMES NOW, Plaintiff, by and through undersigned counsel and Pursuant to Supplemental Admiralty Rule C and E and Local Admiralty Rule Ca and hereby moves this Court for Order appointing Starboard Yacht Group LLC. as Substitute Custodian of the defendant vessel M/V ANDIAMO, a 2019 Azimut, 50 Flybridge Model Vessel, its engines, tackle, boats, gear, machinery, appurtenances, including one Seakeeper 6 Stabilization unit, and to allow the Substitute Custodian to move the vessel from its current location to a secure location within the District to Starboard Yacht Group LLC's facility or other safe berth and as grounds would state as follows:

1.    On or about March 1, 2024, Plaintiffs initiated the above-style action against the defendant vessel, M/V ANDIAMO, a 2019 Azimut, 50 Flybridge Model Vessel, its engines, tackle, boats, gear, machinery, appurtenances, including one Seakeeper 6 Stabilization units, for foreclosure of a maritime lien for necessaries and breach of contract.

1

2. The necessaries and services were provided to the vessel and included dockage, storage, commissioning vessel, storage, repairs, parts and materials for the vessel.

3. The Clerk of the District Court has issued or will issue a Warrant of Arrest against the vessel directing the U.S. Marshal to take custody of the vessel, and to retain custody of the vessel pending further order of this Court.

4. Subsequent to the issuance of the Warrant of Arrest, the Marshal will take steps to immediately seize the vessel. Thereafter, continual custody by the Marshal will require the services of at least one custodian at a cost of upwards of $500 per day as can nearly be determined.

5. The vessel is currently berthed at a private residence in Ft Lauderdale and subject to the approval of the Court, the proposed Substitute Custodian, is prepared to move the vessel to a secure location, provide security, wharfage, and routine services for the safekeeping of the vessel at a cost substantially less than that presently required by the Marshal. The Substitute Custodian has also agreed to continue to provide these services pending further order of this Court.

6. While in custody the vessel and its appurtenances will be insured for all risks by Starboard Yacht Group LLC.

7. The Substitute Custodian has adequate facilities for the care, maintenance and security of the vessel and appurtenances at Harbortown Marina in Dania Florida.

8. Starboard Yacht Group LLC is a Florida business and its principal, Charles Stratmann has over 15 years of experience in repairing, storing and maintaining vessels and is a multi-service marine company with the experience and resources to care for vessels, maintain vessels and to preserve vessels.

9. Starboard Yacht Group LLC has served as a Substitute Custodian for the U.S. Marshal and this Court on several occasions without incident.

10. In discharging its obligation to care for, maintain and secure the vessel, the Substitute Custodian shall comply with all orders of the Captain of the Port, United States Coast Guard, including but not limited to, any order to move the vessel; and any applicable federal, state, and local laws, regulations and requirements pertaining to vessel and port safety. The Substitute Custodian shall advise the Court, the parties to the action, and the United States Marshal, of any movement of the vessel pursuant to an order of the Captain of the Port, within twenty-four (24) hours of such vessel movement.

11. Concurrent with the Court's approval of the Motion for Appointment of the Substitute Custodian, Plaintiff and the Substitute Custodian will file a Consent and Indemnification Agreement in accordance with Local Admiralty Rule E(10)(c)(2). See Attached.

THEREFORE, in accordance with the representations set forth in this instrument, and subject to the filing of the Consent and Indemnification agreement noted in paragraph (11) above, Plaintiff request this Court to enter an order appointing Starboard Yacht Group LLC as the Substitute Custodian for the M/V ANDIAMO, a 2019 Azimut, 50 Flybridge Model Vessel, its engines, tackle, boats, gear, machinery, appurtenances, including one Seakeeper 6 Stabilization unit in its possession.   A proposed Order Appointing Custodian and the Consent and Indemnity agreement are attached.

Respectfully submitted this March 7, 2024.

s/Matthew J. Valcourt
Matthew J. Valcourt
Fla. Bar No. 0088791
VALCOURT AND ASSOCIATES LLC
850 NE Third St Suite 208
Dania FL 33004
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
Email: mvalcourt@valcourtlaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Matthew J. Valcourt*
Matthew J. Valcourt

4