"IN ADMIRALTY"

| | |
|---|---|
| STARBOARD YACHT GROUP, LLC, a Florida limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>M/V ANDIAMO, a 2019 Azimut, 50 Flybridge Model Vessel, its engines, tackle, boats, gear, machinery, appurtenances, including one Seakeeper 6 Stabilization unit, etc., in rem,<br><br>      Defendant. | Case No. 0:24-CV-60352-RS |

## MOTION TO DISMISS COUNT I OF VERIFIED COMPLAINT[1]

Claimant, Allen Family Office, LLC, by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files this Motion to Dismiss Count I of the Verified Complaint filed by Plaintiff, Starboard Yacht Group, LLC, and as grounds in support thereof, states the following:

## INTRODUCTION

Plaintiff filed this lawsuit to foreclose an alleged maritime lien for necessaries pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31342. In support thereof, Plaintiff filed a Verified Complaint alleging it was owed $68,778.18 in labor, materials, and other services furnished on the Defendant Vessel. Before the Defendant Vessel was arrested, Claimant made a limited appearance, filed a verified statement of interest, and posted bond in the amount of $77,032.00. Claimant now seeks dismissal of Count I of the Verified Complaint on grounds that

---

[1] A party need not file an answer while a partial motion to dismiss is pending. *See, e.g., Ferk v. Mitchell,* No. 14-CV-1916, 2014 WL 7369646, at *1 (S.D. Fla. Dec. 29, 2014).

Plaintiff has not pleaded a required element for its maritime lien foreclosure claim. Specifically, Plaintiff has not alleged that the necessaries were furnished on the Defendant Vessel at a reasonable price. Therefore, Count I should be dismissed for failing to state a claim upon which relief can be granted.

<u>**ARGUMENT**</u>

**I.      Standard for Motion to Dismiss**

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept all factual allegations in the pleading as true, courts are not required to give the same deference to legal conclusions. *Iqbal*, 556 U.S. at 662. At a minimum, a complaint must contain sufficient factual allegations to suggest the existence of the required elements of each cause of action. *Twombly*, 560 U.S. at 555. Where the required elements are missing, the complaint should be dismissed for failing to state a cause of action. *Id.*

**II.     Reasonableness Element in Maritime Lien Foreclosures**

A maritime lien is construed *stricti juris* and cannot be extended by construction, analogy, or inference. Therefore, courts should construe allegations related to maritime liens narrowly and against the existence of a lien. *Osaka Shosen Kaisha v. Pacific Export Lumber Company*, 260 U.S. 490, 497 (1923). To establish a maritime lien, the plaintiff must allege the following elements: (1) the plaintiff provided necessaries; (2) at a reasonable price; (3) to the vessel; (4) at the direction of the owner or person authorized by the owner. *Marine Diesel Repairs, LLC v. M/Y Dream On*, 596 F.Supp.3d 1303, 1308 (S.D. Fla. 2022). The "reasonableness" of charges, in a maritime context, requires an allegation that the charges are customary and in accord with prevailing charges for the

work done and the materials furnished. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005).

In the present matter, the Verified Complaint lacks any allegations relating to the reasonableness of the charges for the labor, materials, and other services allegedly furnished on the Defendant Vessel. Plaintiff alleges that the total amount of the charges is $68,778.18, but fails to allege that the charges are customary and in accord with prevailing charges for the work done and the materials furnished. Failing to allege the reasonableness of the charges is fatal to Plaintiff's assertion of a maritime lien on the Defendant Vessel. *Marine Diesel Repairs*, 596 F.Supp. at 1208. To state the obvious, Plaintiff is unable to foreclose a maritime lien which is not properly alleged in the first place. *Marine Diesel Repairs*, 596 F.Supp. 1308.

## <u>CONCLUSION</u>

For the reasons set forth herein, Claimant respectfully requests that the Court dismiss Count I of the Verified Complaint and enter an Order permitting Claimant to release the substitute security posted on behalf of the Defendant Vessel, and for such other and further relief that the Court deems just and proper.

Dated: March 25, 2024

Respectfully submitted,

FIORILLI LAW GROUP, P.A.
Attorneys for Defendant Vessel
3001 West State Road 84, Third Floor
Fort Lauderdale, Florida 33312
Office: (954) 797-7719
Direct: (561) 727-9337
E-mail: justin@fiorillilaw.com
E-mail: isaiah@fiorillilaw.com

*/s/ Justin S. Fiorilli*

**JUSTIN S. FIORILLI, ESQ.**
FL Bar No. 111481

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Florida via CM/ECF with electronic copies sent to all counsel and *pro se* parties on this 25th day of March, 2024.

Respectfully submitted,

*/s/ Justin S. Fiorilli*
**JUSTIN S. FIORILLI, ESQ.**
FL Bar No. 111481

<u>**SERVICE LIST**</u>

MATTHEW J. VALCOURT, ESQ.
FL Ba No. 0088791
VALCOURT AND ASSOCIATES, LLC
Attorneys for Plaintiff, Starboard Yacht Group, LLC
850 N.E. Third Street, Suite 208
Dania Beach, Florida 33004
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
E-mail: mvalcourt@valcourtlaw.com