IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
"IN ADMIRALTY"

STARBOARD YACHT GROUP LLC                    CASE NO: 0:24-cv-60352-RS
A Florida Limited Liability Company,

        Plaintiff,

vs.

M/V ANDIAMO, a 2019 Azimut, 50 Flybridge
Model Vessel, its engines, tackle, boats, gear,
machinery, appurtenances, including one Seakeeper
6 Stabilization unit, etc., *in rem,*

        Defendant.

_____/

### VERIFIED AMENDED COMPLAINT IN ADMIRALTY TO FORECLOSE ON MARITIME LIEN FOR NECESSARIES AND BREACH OF MARITIME CONTRACT

1.    This is a case within this Court's Admiralty and Maritime Jurisdiction and Supplemental jurisdiction as hereinafter more fully appears and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    This honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C.§ 1333, 28 U.S.C. § 1331, 46 U.S. Code § 31342, Rule C of the Supplemental Rules for Admiralty and Maritime Claims, and Local Rule C, and the general maritime law for maritime necessaries and maritime liens.

3.    The Verified Complaint of Plaintiff against defendant vessel is for the provision of repair services, materials to repair the vessel and dockage/wharfage, towage and Plaintiff claims a maritime lien on the vessel pursuant to general maritime law and 46 U.S. Code § 31342.

4.      Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. § 1391 as Defendant engaged in substantial activity in this district, including vessel repair and dockage services in Ft. Lauderdale and the goods and services and necessaries were provided to the vessel in this District, and the vessel is currently located within this District.

## THE PARTIES

5.      At all times hereinafter mentioned plaintiff, Starboard Yacht Group LLC is and was a Florida Limited Liability Company with a principal place of business at 850 NE Third Street Suite 208, Dania Florida 33004 and is the business of marine repair, maintenance, furnishing of vessel necessaries, shipyard services, and wharfage and dockage services.

6.      Upon Information and belief, Defendant vessel is believed to be owned and operated by Gregory Allen who resides in Florida and conducts business in Florida.

7.      The defendant Vessel is a 2019 Azimut 50-foot Flybridge model, believed to be US Registered.

8.      The maritime necessaries and services provided to defendant vessel occurred within the navigable and territorial waters of the United States and within this district.

9.      Plaintiff provided materials and labor to repair the vessel, parts and machinery and dockage in the total amount due to date of $68,778.18 remains due and owing.

10.      Plaintiff's damages of $68,778.18 consist of reasonable charges in the Ft Lauderdale area for dockage at approximately $3.10 per foot per day.

11.      Plaintiff's damages of $68,778.18 consist of reasonable charges in the Ft Lauderdale area for marine labor and parts used in the repairs and commissioning of a vessel.

12.      Labor rates range from $100-$150 per hour for tradesmen and labor in Ft Lauderdale for marine repairs.

13.     Marina Bay Yachting Center, similar to  for example charges $3.25 per foot per day for vessels over 50 feet and private docks in Ft Lauderdale can range from $3,000 to $6,000 per month depending on the location and services provided at the marina or dock.

14.     Plaintiff has demanded payment from the vessel owner and has not been paid in full for Plaintiff's necessaries and services to date. See Exhibit A Statement.

15.     Upon information and belief Owner plans to remove the vessel from Ft Lauderdale and travel to the Bahamas without paying its invoices.

16.     Plaintiff has performed all conditions precedent prior to filing this action.

## COUNT I FORCLOSURE OF A MARITIME LIEN FOR MARITIME NECESSARIES

Plaintiff re-alleges and reaffirms paragraphs 1-16 and would further allege:

17.     Defendant vessel and its representatives contracted with Plaintiff to perform repairs and provide parts and materials for the M/V ANDIAMO pursuant to the work orders, estimates and invoices marked as composite Exhibit B.

18.     The work ordered by Owner and Owner's representatives and agents was to commission the vessel, go through, test and repair the onboard systems, electronics and machinery to make it operational for use as a recreational vessel and to refit, repair and modify the vessel as needed, provide dockage and storage, and other items listed on Exhibits A & B.

19.     Plaintiff provided substantial necessaries for the vessel including labor, maintenance, parts dockage, engineering and vessel supplies, some of which have been paid and some which have not been paid.   See Exhibit A, Statement of invoices remaining outstanding.

20.     The labor rates and prices charged by Plaintiff for the necessaries provided are reasonable in value and within the customary market rates for the Ft Lauderdale area.

21.    Defendant vessel's representatives partially paid for repairs, machinery, materials and dockage, but have failed to make past due payments.   See Exhibit A.

22.    Currently there are outstanding invoices due and owing from the vessel totaling $68,778.18 attached as Exhibits A & B.

23.    Plaintiff has demanded payment for these invoices, but defendant vessel and owners/operators refused to pay, and they remain outstanding.

24.    Plaintiff is entitled to recovery of its damages, costs and *custodial legis* fees pursuant to its contract, the general maritime law and 46 U.S.C. Secs 31341-43.

25.    Costs, expenses, and disbursements have been, and will be incurred in the prosecution of this action.

WHEREFORE, Plaintiff prays for entry of an arrest warrant and arrest of the M/V ANDIAMO its engines, machinery tackle, sails, rigging, gear, one Seakeeper 6 unit, boats, appurtenances etc., *in rem* up to and including the amount of $68,778.18 plus court costs, custodial and U.S. Marshal's fees and pre-judgment and post-judgment interest at the invoice rate and for all other relief that is proper and just.

FURTHER, the Plaintiff prays that Process for the arrest of the M/V ANDIAMO its engines, machinery, tackle, sails, rigging, gear, Seakeeper 6 unit, boats, cargo, appurtenances etc., in due form of law, according to the practices of this Honorable Court in causes of Admiralty and Maritime jurisprudence, may issue against the Vessel its hull, main engines, machinery, gear, tackle, rigging, boats, gear, Seakeeper 6 unit, other appurtenances, main engines, fuel, cargo and apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that Plaintiff have a decree for its damages aforesaid, with interest, custodial fees and costs; and that the M/V ANDIAMO its

engines, machinery, tackle, rigging boats, gear, Seakeeper 6 unit, and other appurtenances etc. be placed in the Plaintiff's possession; that process in due form of law may issue enjoining the Defendants or any other party from attempting to sell or dispose of the M/V ANDIAMO and its engines, tackle, machinery, rigging, tools, boats, Seakeeper 6 Unit, and other appurtenances etc., that the M/V ANDIAMO and its engines, machinery, tackle, sails, rigging, boats, Seakeeper 6 unit and other appurtenances etc. located within this District be attached to the amount sued for herein, and condemned and sold to pay Plaintiff's claim; and that Defendant M/V ANDIAMO, her engines, tackle, machinery, rigging, boats, gear, Seakeeper 6 unit and other appurtenances etc. be adjudged liable to Plaintiff in the amount of $68,778.18 plus pre-judgment and post-judgment interest, custodial fees and costs of litigation, and U.S. Marshal's fees and costs, and that the Plaintiff may have such other and further relief as the cause may require.

WHEREFORE, Plaintiff prays for entry of judgment *in rem* in its favor against the M/V ANDIAMO her engines, tackle, boats, gear, one Seakeeper 6 unit and other appurtenances etc., *in rem* in the amount of $68,778.18 plus prejudgment interest, custodial fees and for all other relief that is proper and just.

## COUNT II BREACH OF MARITIME CONTRACT VS DEFENDANT VESSEL

Plaintiff re-alleges and reaffirms paragraphs 1-16 and would further allege:

26.     Defendant vessel's owner and agents contracted with Plaintiff to perform repairs and provide parts, lab, dockage and storage and materials for the M/V ANDIAMO pursuant to the work orders, estimates and invoices summarized as Exhibit B.

27.     The work ordered by Owner and Owner's representatives and agents was to commission the vessel, go through, test and repair the onboard systems, electronics and machinery to make it

operational for use as a recreational vessel and to refit, repair and modify the vessel as needed, provide dockage and storage, and other items listed on Exhibits A & B.

28. The labor rates and prices charged by Plaintiff for the necessaries provided are of reasonable value and within the customary market rates for the Ft Lauderdale area.

29. Plaintiff performed the work listed on Exhibit B and vessel owner removed the vessel from Starboard Yacht Group's facility without permission and without paying for the goods and services provided.

30. Starboard Yacht substantially performed the work and defendant vessel's owner paid for some of the work but owes a balance of $68,778.18.

31. Defendant vessel and owners breached the contract by failing to pay for services rendered and equipment provided, tortious interference with existing business relationships attempting to go around STARBOARD YACHT GROUP and cut them out of SEAKEEPER installation, bad faith, misrepresentation, and failing to allow STARBOARD YACHT GROUP to complete the vessel contract, each which represents a material breach of the contract.

32. As a result of these material breaches of contract, STARBOARD YACHT GROUP has been damaged in the amount of $68,778.18 plus incidental and consequential damages, loss of profit, loss of business opportunities, and costs and damage to its vendor relationships.

WHEREFORE, Plaintiff prays for entry of judgment in its favor against the defendant vessel in the amount of $68,778.18 plus incidental and consequential damages, costs, custodial fees, and for all other relief that is proper and just.

Respectfully submitted this April 8, 2024.

> s/Matthew J. Valcourt
> Matthew J. Valcourt
> Fla. Bar No. 0088791
> Valcourt and Associates LLC
> 850 NE Third Street, Suite 208
> Dania, FL 33004
> Telephone: (305) 763-2891
> Facsimile: (305) 470-7484
> Email: mvalcourt@valcourtlaw.com
> Attorneys for Plaintiff, Starboard Yacht Group LLC

## VERIFICATION

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, the undersigned authority, personally appeared Charles Jake Stratmann, who was duly sworn and says that he is the Managing Member of Plaintiff, Starboard Yacht Group LLC, that he has read the foregoing Verified Complaint filed in this case and is familiar with its contents, which are true to the best of his knowledge, information, and belief. The sources of his information and grounds for his belief are documents attached as exhibits, and correspondences and conversations with the plaintiff, the regular business files of the company. The undersigned states that he is authorized to make this representation on behalf of the plaintiff.

> Charles Jake Stratmann

SWORN TO AND SUBSCRIBED before me this 1st day of March, 2024.

Signature of Notary Public, State of Florida

Print, Typed or Stamped Commissioned Name of Notary Public

Personally Known____/____ Produced Identification_____ Type of Identification Produced:

MATTHEW JOHN VALCOURT
Notary Public - State of Florida
Commission # HH 246781
My Comm. Expires Jul 24, 2026
Bonded through National Notary Assn.

7