UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

"IN ADMIRALTY"

STARBOARD YACHT GROUP, LLC,

     Plaintiff,

v.

M/V ANDIAMO, a 2019 Azimut 50 Flybridge Motor Vessel, its engines, tackle, boats, gear, machinery, appurtenances, etc. *in rem*,

     Defendant.

Case No. 0:24-CV-60352-RS

## JOINT SCHEDULING REPORT

Plaintiff, Starboard Yacht Group, LLC, and Defendant, Allen Family Office, LLC, by and through the undersigned counsel, and pursuant to Local Rule 16.1(b)(2), hereby submit the enclosed Joint Scheduling Report, and state as follows:

### Proposed Case Track:

Pursuant to Local Rule 16.1(a)(2), the Parties believe that this matter should be assigned to the Standard Track.

### Joint Scheduling Report:

**(A) The Likelihood of Settlement;**

The Parties have preliminarily discussed settlement, and they will continue to work cooperatively toward an amicable settlement, if possible. Otherwise, no settlement appears likely at this time.

**(B) The Likelihood of Appearance in the Action of Additional Parties;**

This case is still in its infancy. Defendant anticipates filing a counterclaim against Plaintiff. In addition, Defendant also anticipates filing a third-party action against Phillip Gregory and Waterview Capital Ltd. To the extent it becomes necessary to add any additional parties, the current parties agree to add them promptly and as far in advance of the amendment deadline as possible.

**(C) Proposed Limits on the Time (i) To Join Other Parties and to Amend the Pleadings; (ii) to File and Hear Motions; and (iii) to Complete Discovery;**

Please see the attached Proposed Scheduling Order.

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment;**

None at this time. Pleadings are still open, and discovery is in its infancy. The parties will work together to simplify the issues and prepare motions for summary judgment, if any such motions are warranted.

**(E) The Necessity or Desirability of Amendments to the Pleadings;**

This case is still in its infancy. To the extent that it becomes necessary to amend the pleadings beyond what is set forth in Section (B), the parties agree to seek such an amendment promptly and as far in advance of the amendment deadline as possible.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence;**

The parties will work together to obtain admissions and stipulations that will avoid any unnecessary proof at trial.

**(G)   Suggestions for the avoidance of unnecessary proof and of cumulative evidence;**

At this time, discovery is still in its infancy. However, the parties will work together to avoid unnecessary proof and presentation of cumulative evidence at trial.

**(H)   Suggestions on the advisability of referring matters to a Magistrate Judge or master;**

At this time, the parties consent to having discovery disputes heard by the Magistrate Judge. The parties do not consent to referring any other matters to the Magistrate Judge.

**(I)   A preliminary estimate of the time required for trial;**

At this time, the Parties preliminarily estimate a four (4) day non-jury trial in this case.

**(J)   A requested date or dates for conferences before trial, a final pretrial conference, and trial;**

Please see the attached Proposed Scheduling Order.

**(K)   Any issues about (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert those claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist;**

None at this time.

**(L) Any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None at this time.

VALCOURT AND ASSOCIATES, LLC
Attorneys for Plaintiff
850 N.E. Third Street, Suite 208
Dania Beach, Florida 33004
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
E-mail: mvalcourt@valcourtlaw.com

FIORILLI LAW GROUP, P.A.
Attorneys for Defendant
3001 West State Road 84, Third Floor
Fort Lauderdale, Florida 33312
Office: (954) 797-7719
Direct: (561) 727-9337
E-mail: justin@fiorillilaw.com
E-mail: isaiah@fiorillilaw.com

*s/Matthew John Valcourt*

**MATTHEW J. VALCOURT, ESQ.**
FL Bar No. 0088791

s/Justin S. Fiorilli

**JUSTIN S. FIORILLI, ESQ.**
FL Bar No. 111481

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the

Clerk of Court for the United States District Court for the Southern District of Florida via CM/ECF

and served on all counsel of record on this 11th day of April, 2024.

Respectfully submitted,

*s/Matthew John Valcourt*

**Matthew John Valcourt**
FL Bar No. 0088791