STARBOARD YACHT GROUP, LLC,

    Plaintiff,

v.

M/V ANDIAMO, a 2019 Azimut 50 Flybridge Motor Vessel, its engines, tackle, boats, gear, machinery, appurtenances, etc. *in rem*,

    Defendant.

Case No. 0:24-CV-60352-RS

## **ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant, ALLEN FAMILY OFFICE, LLC (hereinafter, "ALLEN"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses and Counterclaim against Plaintiff, STARBOARD YACHT GROUP, LLC (hereinafter, "STARBOARD"), and as grounds in support thereof, states:

1. ALLEN admits the allegations in Paragraph 1.

2. ALLEN admits the allegations in Paragraph 2.

3. ALLEN denies the allegations in Paragraph 3.

4. ALLEN denies the allegations in Paragraph 4.

## **PARTIES**

5. ALLEN is without knowledge regarding the allegations in Paragraph 5, and therefore, the allegations are denied.

6. ALLEN denies the allegations in Paragraph 6.

7. ALLEN admits the allegations in Paragraph 7.

8. ALLEN denies the allegations in Paragraph 8.

9. ALLEN denies the allegations in Paragraph 9.

10. ALLEN denies the allegations in Paragraph 10.

11. ALLEN denies the allegations in Paragraph 11.

12. ALLEN denies the allegations in Paragraph 12.

13. ALLEN denies the allegations in Paragraph 13.

14. ALLEN denies the allegations in Paragraph 14.

15. ALLEN denies the allegations in Paragraph 15.

16. ALLEN denies the allegations in Paragraph 16.

## <u>COUNT I</u>
## <u>FORECLOSURE OF MARITIME LIEN FOR NECESSARIES</u>

ALLEN reasserts its response to Paragraphs 1-16 herein.

17. ALLEN denies the allegations in Paragraph 17.

18. ALLEN denies the allegations in Paragraph 18.

19. ALLEN denies the allegations in Paragraph 19.

20. ALLEN denies the allegations in Paragraph 20.

21. ALLEN denies the allegations in Paragraph 21.

22. ALLEN denies the allegations in Paragraph 22.

23. ALLEN denies the allegations in Paragraph 23.

24. ALLEN denies the allegations in Paragraph 24.

25. ALLEN denies the allegations in Paragraph 25.

**WHEREFORE,** having answered Count I of the Amended Complaint, Defendant, ALLEN FAMILY OFFICE, LLC, demands that same be dismissed with an award of costs in its favor, and for such other and further relief that the Court deems just and proper.

**COUNT II**
**BREACH OF MARITIME CONTRACT**

ALLEN reasserts its response to Paragraphs 1-16 herein.

26.     ALLEN denies the allegations in Paragraph 26.

27.     ALLEN denies the allegations in Paragraph 27.

28.     ALLEN denies the allegations in Paragraph 28.

29.     ALLEN denies the allegations in Paragraph 29.

30.     ALLEN denies the allegations in Paragraph 30.

31.     ALLEN denies the allegations in Paragraph 31.

32.     ALLEN denies the allegations in Paragraph 32.

**WHEREFORE,** having answered Count II of the Amended Complaint, Defendant, ALLEN FAMILY OFFICE, LLC, demands that same be dismissed with an award of costs in its favor, and for such other and further relief that the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.     ALLEN asserts all defenses available under Rule 8 and Rule 12 of the Federal Rules of Civil Procedure. In addition, ALLEN reserves the right to modify these affirmative defenses in accordance with the Federal Rules of Civil Procedure.

2.     STARBOARD is barred from recovering against ALLEN, in whole or in part, for failing to state a cause of action to foreclose a maritime lien for necessaries. STARBOARD has neither alleged, nor will be able to prove, that it furnished necessaries to the Vessel at the direction of the Vessel owner or agent. Specifically, Phillip Gregory, and his company, Waterview Capital

Ltd. d/b/a Tag Yachting, was not authorized to order necessaries for the Vessel. Furthermore, STARBOARD has neither alleged, nor will be able to prove, that the alleged necessaries were furnished at a reasonable price consistent with its competitors in the maritime industry in South Florida. STARBOARD has not alleged the required elements of a maritime lien for necessaries. Accordingly, the claim to foreclose the maritime lien for necessaries in Count I must be dismissed.

3. STARBOARD is barred from recovering against ALLEN, in whole or in part, because the Vessel was removed from navigation when STARBOARD claims it furnished labor, materials, and other services on the Vessel. Specifically, the Vessel was disassembled and in dry dock for more than four years after being shipped to Fort Lauderdale, Florida on a transport vessel. Therefore, no maritime lien exists and the claim to foreclose the maritime lien for necessaries in Count I must be dismissed.

4. STARBOARD is barred from recovering against ALLEN, in whole or in part, because it did not rely on the credit of the Vessel for payment for the alleged labor and materials furnished on the Vessel. Rather, STARBOARD relied on the alleged contract it had with ALLEN and/or Phillip Gregory and his company, Waterview Capital Ltd. d/b/a Tag Yachting. Therefore, the maritime lien is unenforceable and Count I must be dismissed.

5. STARBOARD is barred from recovering against ALLEN, in whole or in part, for failing to state a cause of action for breach of contract. STARBOARD alleges that ALLEN entered into a written contract with ALLEN. However, STARBOARD has neither attached, nor will be able to produce, a written contract signed by ALLEN. In addition, STARBOARD has neither alleged, nor will be able to prove, the material terms of the alleged contract or that ALLEN assented to the material terms. Furthermore, STARBOARD has neither alleged, nor will be able to prove, the existence of an oral or implied contract with ALLEN. Accordingly, the claim for breach of contract in Count II must be dismissed.

6. STARBOARD is barred from recovering against ALLEN, in whole or in part, based on the defense of fraud. STARBOARD knowingly made false statements to induce ALLEN to make repairs on the Vessel. The false statements related to the quality of the repairs, the type of repairs, and the costs for the repairs to be performed on the Vessel. ALLEN relied on these and other statements made by STARBOARD resulting in damages which continue to accrue.

7. STARBOARD is barred from recovering against ALLEN, in whole or in part, based on the defense of duress and undue influence. STARBOARD exploited a relationship of trust, confidence, and superior knowledge and bargaining power to pressure, persuade, and mislead ALLEN into making repairs on the Vessel which were unnecessary, incomplete, or inadequate. STARBOARD did this by engaging in a pattern of unfair and deceptive trade practices, including systematic breaches of contract, high-pressure tactics, adhesionary contracts, and bait and switch tactics.

8. STARBOARD is barred from recovering against ALLEN, in whole or in part, based on the defense of payment and part performance. To the extent that STARBOARD made some, but not all of the alleged repairs, ALLEN and/or Phillip Gregory paid STARBOARD for the completed repairs. No additional payment must be made given that the repairs were incomplete, unauthorized, or improperly performed.

9. STARBOARD is barred from recovering against ALLEN, in whole or in part, based on the defense of prior breach. STARBOARD breached the contract with ALLEN by failing to complete the agreed repairs, or in the alternative, completing the repairs in a improper manner. This breach was earlier in time than the breach alleged by STARBOARD and thereby released ALLEN from all further obligations under the alleged contract.

10. STARBOARD is barred from recovering against ALLEN, in whole or in part, for tortious interference with contractual relations. STARBOARD has neither alleged nor will be able

to prove the required elements for tortious interference with contractual relations. Therefore, this claim should be dismissed.

11. STARBOARD is barred from recovering against ALLEN, in whole or in part, by its failure to join an indispensable party to this action, including, but not limited to, Phillip Gregory, and his company, Waterview Capital Ltd. d/b/a Tag Yachting. Therefore, the amended complaint should be dismissed.

12. STARBOARD is barred from recovering against ALLEN, in whole or in part, based on the defense of set off and recoupment. To the extent that any damages are awarded to STARBOARD, the damages, if any, must be reduced by the damages awarded to ALLEN for the claims made in the Counterclaim filed herewith.

## COUNTERCLAIM

Counterclaim Plaintiff, ALLEN FAMILY OFFICE, LLC, by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby sues Counterclaim Defendant, STARBOARD YACHT GROUP, LLC, and as grounds in support thereof, states the following:

## JURISDICTION AND VENUE

1. This action is brought under the admiralty and maritime jurisdiction of the Court pursuant to Federal Rule of Civil Procedure 9(h) and 28 U.S.C. § 1333.

2. Counterclaim Plaintiff, Allen Family Office, LLC (hereinafter, "ALLEN"), is a Florida limited liability company located at 4191 Aspen Chase Drive, Naples, Florida 34119.

3. Counterclaim Defendant, Starboard Yacht Group, LLC (hereinafter, "STARBOARD"), is a Florida limited liability company located at 850 N.E. 3rd Street, Suite 208, Dania Beach, Florida 33004.

4. STARBOARD is subject to the jurisdiction of the Court based on its presence and substantial and not isolated activities within the Southern District of Florida.

5. All conditions precedent to bringing this action have occurred.

## GENERAL ALLEGATIONS

6. On May 10, 2023, ALLEN contracted with Waterview Capital Ltd. d/b/a Tag Yachting to purchase *Andiamo*, a 2019 50' Azimut Motor Yacht with Hull Identification Number AZI50735H819 (hereinafter, the "Vessel").

7. Pursuant to the purchase contract, Tag Yachting was required to transport the Vessel from Shanghai, China to Fort Lauderdale, Florida where vessel commissioning and repairs would be performed before the Vessel was delivered to ALLEN.

8. All costs to transport, commission, and repair the Vessel should have been paid by Tag Yachting.

9. Upon information and belief, Tag Yachting contracted with STARBOARD to commission the Vessel and perform the required repairs on the Vessel at Harbour Towne Marina in Dania Beach, Florida.

10. ALLEN was not a party to the contract between Tag Yachting and Starboard.

11. ALLEN was not required to pay for the Vessel commissioning or repairs ordered by Tag Yachting.

12. On December 30, 2023, ALLEN removed the Vessel from Harbour Towne Marina.

13. On January 11, 2024, STARBOARD submitted invoices to ALLEN for $69,094.45 in alleged repairs made on the Vessel.

14. The invoices included charges for $49,766.36 in alleged repairs made on the Vessel, but ordered by Tag Yachting.

15. ALLEN never authorized the alleged repairs ordered by Tag Yachting.

16. Upon receipt of the invoices, ALLEN commenced an investigation into the alleged repairs made on the Vessel.

17. ALLEN discovered numerous instances of excessive and unauthorized charges for repairs and other services, including dockage, utilities, and launching charges.

18. In addition, ALLEN discovered that many of the alleged repairs in the invoices were improper, incomplete, or never performed by STARBOARD at all.

19. Specifically, ALLEN discovered the following:

a. The generator was never serviced or commissioned;

b. The generator hoses were never inspected or replaced;

c. The navigation system was never serviced or commissioned;

d. The fire extinguishing system was never serviced or commissioned;

e. The shore power system was never serviced or commissioned;

f. The plumbing system was never serviced or commissioned;

g. The propellers were not removed and installed properly;

h. The flybridge was not assembled properly;

i. The underwater lights were not installed properly;

j. The hull exterior was never cleaned or detailed;

k. The hull bottom was never acid washed.

20. The foregoing has caused, and continues to cause significant damages to ALLEN, including investigative costs, remedial repair costs, and other consequential damages resulting from the unauthorized, incomplete, and improper repairs made by STARBOARD on the Vessel.

21. On or about February 6, 2024, ALLEN offered to pay $7,688.25 to STARBOARD, which constituted reasonable compensation for the repairs and services authorized and actually performed by STARBOARD on the Vessel.

22. STARBOARD rejected the offer, recorded or claimed to record a fraudulent lien, and filed this action to seize the Vessel.

23. In addition, STARBOARD unlawfully possessed equipment belonging to ALLEN, including a gyroscopic "Seakeeper" stabilizer valued at $60,000.00.

24. ALLEN retained the undersigned counsel to defend the underlying action and file this counterclaim and is obligated to pay counsel a reasonable fee for legal work in this case.

25. ALLEN posted bond in the amount of $77,032.00 to prevent the Vessel from being seized and to secure the release of the gyroscopic "Seakeeper" stabilizer.

## COUNT I
## DECLARATORY JUDGMENT

26. ALLEN realleges the allegations in Paragraphs 1-25 herein.

27. This is a cause of action to discharge a maritime lien pursuant to 46 U.S.C. § 31343.

28. In the alternative, this is a cause of action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

29. STARBOARD recorded a claim of lien with the United States Coast Guard in the amount of $69,094.45.

30. In the alternative, STARBOARD claims a maritime lien for necessaries on the Vessel in the amount of $69,094.45.

31. The maritime lien is defective and should be discharged or declared invalid in whole or in substantial amount.

32. The maritime lien is defective because the alleged repairs made by STARBOARD were not furnished on the Vessel.

33. The maritime lien is defective because the alleged repairs made by STARBOARD were not furnished on the Vessel at the direction of ALLEN.

34. The maritime lien is defective because the alleged repairs made by STARBOARD were not furnished on the Vessel at the direction of an authorized agent of ALLEN.

35. The maritime lien is defective because the alleged repairs made by STARBOARD were not furnished at a reasonable price.

36. The maritime lien is defective because the alleged repairs made by STARBOARD were not furnished on the credit of the Vessel.

37. The maritime lien is defective because the alleged repairs made by STARBOARD were not useful to the Vessel.

38. The maritime lien is defective because the alleged repairs made by STARBOARD were improper or incomplete.

39. The maritime lien is defective because the Vessel was removed from navigation when the alleged repairs were furnished.

40. The maritime lien is defective because a copy of the lien was never sent to ALLEN.

41. 46 U.S.C. § 31343 states:

The district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien claimed under subsection (b) of this section, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties. Venue in such an action shall be in the district where the vessel is found or where the claimant resides or where the notice of claim of lien is recorded. The court may award costs and attorneys fees to the prevailing party, unless the court finds that the position of the other party was substantially justified or other circumstances make an award of costs and attorneys fees unjust. The Secretary shall record any such declaratory order.

42. In the alternative, 28 U.S.C. § 2201 states:

In a case of actual controversy within its jurisdiction …, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not

further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

43. For the reasons alleged herein, a present controversy exists between the Parties regarding the existence or non-existence of a maritime lien on the Vessel. Accordingly, there is a bona fide, actual, and present dispute that requires a declaratory judgment from the Court.

44. In light of the foregoing, ALLEN requests that the Court discharge or declare invalid the maritime lien recorded or claimed by STARBOARD in whole or in substantial amount.

**WHEREFORE,** Counterclaim Plaintiff, ALLEN FAMILY OFFICE, LLC, respectfully requests:

a. That the Court declare that the maritime lien recorded or claimed by STARBOARD be discharged in full from the records of the Vessel;

b. That the Court alternatively declare that the maritime lien recorded or claimed by STARBOARD be discharged in substantial amount from the records of the Vessel;

c. That the Court direct the Secretary to take all necessary actions to give effect to the order entered herein;

d. That the Court award ALLEN its reasonable attorneys fees and costs associated with filing this action should the Court enter an order pursuant to 46 U.S.C. § 31343.

**COUNT II**
**BREACH OF MARITIME CONTRACT**

45. ALLEN realleges the allegations in Paragraphs 1-25 herein.

46. ALLEN contracted with STARBOARD to perform limited repairs on the Vessel.

47. These limited repairs included painting the propellers, installing two thru hulls, and installing six underwater lights, fuel tank cleaning, and fuel delivery on the Vessel.

48. ALLEN performed as required by the contract.

49. STARBOARD materially breached the contract by charging excessive and unauthorized charges for the repairs.

50. STARBOARD materially breached the contract by charging for unauthorized repairs on the Vessel.

51. STARBOARD materially breached the contract by charging for improper or incomplete repairs on the Vessel.

52. STARBOARD materially breached the contract by charging for repairs never performed on the Vessel.

53. As a result of the foregoing, ALLEN has suffered, and continues to suffer damages including investigative costs, remedial repair costs, and other consequential damages.

**WHEREFORE,** Counterclaim Plaintiff, ALLEN FAMILY OFFICE, LLC, demands judgment against Counterclaim Defendant, STARBOARD YACHT GROUP, LLC, for damages including prejudgment interest, costs, and for such other and further relief that the Court deems just and proper.

<u>COUNT III</u>
<u>**BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE**</u>

54. ALLEN realleges the allegations in Paragraphs 1-25 herein.

55. ALLEN contracted with STARBOARD to perform limited repairs on the Vessel.

56. These limited repairs included painting the propellers, installing two thru hulls, and installing six underwater lights, fuel tank cleaning and fuel delivery on the Vessel.

57. A warranty of workmanlike performance is implied in every maritime contract unless the parties expressly exclude such warranty.

58. ALLEN and STARBOARD never excluded the warranty of workmanlike performance in their contract.

59. STARBOARD had a duty to perform the repairs on the Vessel in a good and workmanlike manner in accordance with the standards and practices of the marine industry.

60. STARBOARD breached the warranty of workmanlike performance by charging excessive and unauthorized rates.

61. STARBOARD breached the warranty of workmanlike performance by charging for unauthorized repairs on the Vessel.

62. STARBOARD breached the warranty of workmanlike performance by charging for improper or incomplete repairs on the Vessel.

63. STARBOARD breached the warranty of workmanlike performance by charging for repairs never performed on the vessel.

64. As a result of the foregoing, ALLEN has suffered, and continues to suffer damages including investigative costs, remedial repair costs, and other consequential damages.

**WHEREFORE,** Counterclaim Plaintiff, ALLEN FAMILY OFFICE, LLC, demands judgment against Counterclaim Defendant, STARBOARD YACHT GROUP, LLC, for damages including prejudgment interest, costs, and for such other and further relief that the Court deems just and proper.

Dated: April 24, 2024   Respectfully submitted,

FIORILLI LAW GROUP, P.A.
*Attorneys for Vessel and Counterclaim Plaintiff*
3001 West State Road 84, Third Floor
Fort Lauderdale, Florida 33312
Office: (954) 797-7719
Direct: (561) 727-9337
E-mail: justin@fiorillilaw.com
E-mail: isaiah@fiorillilaw.com

*/s/ Justin S. Fiorilli*
**JUSTIN S. FIORILLI, ESQ.**
FL Bar No. 111481