IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION
IN ADMIRALTY

STARBOARD YACHT GROUP LLC     CASE NO:  0:24-cv-60352-RS
A Florida Limited Liability Company,

Plaintiff,

vs.

M/V ANDIAMO, a 2019 Azimut, 50 Flybridge
Model Vessel, its engines, tackle, boats, gear,
machinery, appurtenances, including one Seakeeper
6 Stabilization unit, etc., *in rem,*

    Defendant.
_____/

## **ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

    COMES NOW, Plaintiffs, by and through their undersigned attorneys, and pursuant to the

Federal Rules of Civil Procedure and answer the Counterclaim (DE 22) as follows:

1.  Paragraph 1 of the Counterclaim is admitted for jurisdictional purposes only.

2.  Paragraph 2 of the Counterclaim is admitted.

3.  Paragraph 3 of the Counterclaim is admitted.

4.  Paragraph 4 of the Counterclaim is admitted.

5.  Paragraph 5 of the Counterclaim is denied.

6.  Paragraph 6 of the Counterclaim is admitted.

7.  Paragraph 7 of the Counterclaim is denied as phrased.

8.  Paragraph 8 of the Counterclaim is denied.

9.  Paragraph 9 of the Counterclaim is denied as phrased.

10.  Paragraph 10 of the Counterclaim is denied.

11.     Paragraph 11 of the Counterclaim is denied as phrased. Allen Family and the vessel received all the benefits of the repairs and dockage which were assented to by the vessel's Captain aboard.

12.     Paragraph 12 of the Counterclaim is admitted.

13.     Paragraph 13 of the Counterclaim is admitted.

14.     Admitted that the vessel was invoiced for $49,766.36 for repairs performed and assented to by the vessel owner.   Except as expressly admitted all other allegations pf Paragraph 14 of the Counterclaim are denied.

15.     Paragraph 15 of the Counterclaim is denied.

16.     Paragraph 16 of the Counterclaim is denied.

17.     Paragraph 17 of the Counterclaim is denied.

18.     Paragraph 18 of the Counterclaim is denied.

19.     Paragraph 19 of the Counterclaim, including all subparagraphs, are denied.

20.     Paragraph 20 of the Counterclaim is denied.

21.     Paragraph 21 of the Counterclaim is denied. Plaintiff moves to strike this paragraph as it contains purported confidential settlement discussions.

22.     Paragraph 22 of the Counterclaim is denied. Plaintiff moves to strike this paragraph as it contains purported confidential settlement discussions.

23.     Paragraph 23 of the Counterclaim is denied. The equipment was provided to Allen Family pursuant to the security agreement executed between the parties.

24.      Paragraph 24 of the Counterclaim is denied. Further as this Counterclaim is brought in Admiralty, Counterplaintiff Allen has no right to attorneys fees and this allegation should

be stricken.

25. Paragraph 22 of the Counterclaim is admitted that Allen posted security in lieu of arrest and to remove any claimed lien on the vessel. Except as expressly admitted all other allegations pf Paragraph 25 of the Counterclaim are denied as phrased.

**COUNT I DECLARATORY JUDGMENT**

26. Plaintiff Starboard Yacht Group LLC realleges and reaffirms its answers in paragraphs 1-25 of the Counterclaim and further answers the complaint as follows:

27. Paragraph 27 of the Counterclaim is denied.

28. Paragraph 28 of the Counterclaim is denied.

29. Paragraph 29 of the Counterclaim is denied.

30. Paragraph 30 of the Counterclaim is admitted.

31. Paragraph 31 of the Counterclaim is denied.

32. Paragraph 32 of the Counterclaim is denied.

33. Paragraph 33 of the Counterclaim is denied.

34. Paragraph 34 of the Counterclaim is denied.

35. Paragraph 35 of the Counterclaim is denied.

36. Paragraph 36 of the Counterclaim is denied.

37. Paragraph 37 of the Counterclaim is denied.

38. Paragraph 38 of the Counterclaim is denied.

39. Paragraph 39 of the Counterclaim is denied.

40. Paragraph 40 of the Counterclaim is denied.

41. Paragraph 41 of the Counterclaim does not state a fact but a legal opinion/argument and

should be stricken, otherwise it is denied.

42.     Paragraph 42 of the Counterclaim does not state a fact but a legal opinion/argument and

should be stricken, otherwise it is denied.

43.     Paragraph 43 of the Counterclaim is denied.

44.     Paragraph 44 of the Counterclaim is denied.

WHEREFORE having answered Count I of the Counterclaim, Plaintiff Starboard Yacht Group

LLC prays that it be dismissed with prejudice and for its attorneys fees and cost pursuant to statute,

and that all prayers for relief included in Counterplaintiff's "WHEREFORE" paragraphs a.-d. (DE

22 pg 11) be denied.

**COUNT II BREACH OF MARITIME CONTRACT**

45.     Plaintiff Starboard Yacht Group LLC realleges and reaffirms its answers in paragraphs 1-

44 of the Counterclaim and further answers the Counterclaim as follows:

46.     Paragraph 46 is admitted that ALLEN contracted with Starboard to perform repairs on

the vessel and through its agent and assent from Captain to provide necessaries to the

vessel in the amount of $69,094.45 and has not paid any funds toward any work on the

vessel or the necessaries. Except as expressly admitted, all other allegations pf Paragraph

45 of the Counterclaim are denied.

47.     Paragraph 47 of the Counterclaim is denied as phrased.

48.     Paragraph 48 of the Counterclaim is denied.   No funds were paid for the work

performed.

49.     Paragraph 49 of the Counterclaim is denied.

4

50.      Paragraph 50 of the Counterclaim is denied.

51.      Paragraph 51 of the Counterclaim is denied.

52.      Paragraph 52 of the Counterclaim is denied.

53.      Paragraph 53 of the Counterclaim is denied.

WHEREFORE having answered Count II of the Counterclaim, Plaintiff Starboard Yacht Group LLC prays that it be dismissed with prejudice and for all other relief that is proper and just.

**COUNT III BREACH OF WARRANTY**

54.      Plaintiff Starboard Yacht Group LLC realleges and reaffirms its answers in paragraphs 1-53 of the Counterclaim and further answers the Counterclaim as follows:

55.      Paragraph 55 is admitted that Allen Family and the vessel contracted with Starboard Yacht Group to repair and dock the vessel. Except as expressly admitted all other allegations of Paragraph 55 of the Counterclaim are denied.

56.      Paragraph 56 of the Counterclaim is denied as phrased.

57.      Paragraph 57 of the Counterclaim is denied.

58.      Paragraph 58 of the Counterclaim is denied.

59.      Paragraph 59 of the Counterclaim is denied.

60.      Paragraph 60 of the Counterclaim is denied.

61.      Paragraph 61 of the Counterclaim is denied.

62.      Paragraph 62 of the Counterclaim is denied.

63.      Paragraph 63 of the Counterclaim is denied.

64.      Paragraph 64 of the Counterclaim is denied.

WHEREFORE having answered Count III of the Counterclaim, Plaintiff Starboard Yacht Group LLC prays that it be dismissed with prejudice and for all other relief that is proper and just.

## AFFIRMATIVE DEFENSES TO CONTERCLAIM

**First Affirmative Defense:** Failure to state a claim as to all three counts pursuant to Rule 12(b)(6) Counterplaintiff fails to provide a contract, contract terms and damages quantum, and fails to allege payment of any contract consideration.  Counterplaintiff also fails to allege any specific facts as to the breach of contract, what items were overcharged for or unauthorized, and any failure of warranty.   Counterplaintiff also fails to plead a case or controversy pursuant to the Declaratory Judgment Act and the claim to remove a lien is moot or not ripe and Counterplaintiff has no standing under the lien statute so there is no claim stated.

**Second Affirmative Defense:** Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) There is no independent case or controversy outside of the contract actions and no need for the Court to declare the rights of the parties pursuant to 28 USC § 2201 as adjudication of the contract action will determine the rights of the parties. Plaintiff has an adequate remedy at law in the defenses to contract and counterclaim. *Ie:* if Counterdefendant wins on the contract actions and necessary claims, there will be no lien.    *Ritterman v. Lexington Ins. Co.,* 2018 WL 7252901, (SD FL 2018) Case no: 18-cv-61239. Declaratory Judgment Act, the threshold question is whether a justiciable controversy exists." *S.-Owners Ins. Co. v. P&T Lawn & Tractor Serv., Inc*., 2023 WL 2391711, at *3 (M.D. Fla. Mar. 7, 2023) (Steele, J.)This Court does not have subject matter jurisdiction for the Declaratory Judgment Action pursuant to 28 USC §2201 as the parties have admitted to contract(s), the terms and quantum are in dispute only, and all issues between the parties will be

6

resolved by adjudicating the contract actions and necessaries claim. Thus, there is no independent case or controversy, and the declaratory judgment action should be dismissed as a matter of law. Further, the action to remove the lien is not ripe as Plaintiff has not filed a notice of lien on the vessel's abstract and security has been posted in lieu of any lien claim so that action as well under 46 USC §31343 is moot or not ripe and Counterplaintiff lacks standing. ("If a case is not ripe for adjudication, the court will lack subject matter jurisdiction over the case." (citing *Elend v. Basham,* 471 F.3d 1199, 1204 (11th Cir. 2006)). And, when we lack subject-matter jurisdiction, we are "powerless to continue" to the merits. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).   The release of a vessel upon the posting of security discharges the lien against the vessel." *Algeska Pipeline Service Co. v. Vessel Bay Ridge*, 703 F.2d 381, 384 (9thCir. 1983) (citing *United States v. Ames,* 99 U.S. 35, 36, 25 L.Ed. 295(1878); *Southern Oregon Production v. Oil Screw SWEET PEA*,435 F. Supp. 454, 459 (D.Or. 1977).

**Third Affirmative Defense:** Statute of Frauds/Failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) as to Count II and III Breach of contract breach of warranty. Defendant Counterplaintiff fails to attach any written contracts or provide any of the oral terms with the terms and conditions alleged and the contract was more than $1,000 or that it paid any money or consideration for its agreed contract.

**Fourth Affirmative Defense**: Offset for unjust enrichment. Any recovery by Counterplaintiff should be reduced in equity for the goods and services provided and assented to by the vessel, Counterplaintiff, the vessel's Captain, the agents for the vessel. In Florida, a party may make a claim for unjust enrichment where an implied contract exists even though, as a matter of law, the parties never entered into a written or oral agreement. The elements of a Florida law cause of action

for unjust enrichment have been met, specifically Plaintiff has conferred a benefit on the defendant, who had knowledge of it as the work was performed under the watch of the vessel's Captain, Defendant voluntarily accepted retained the benefit conferred including labor, materials and dockage. The circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff. The vessel and Owner received the full benefit of the necessaries provided to the vessel.

**Fifth Affirmative Defense:** Failure of consideration and breach of contract.  Counterplaintiff is estopped from recovery due to its breach of contract and failing to pay for any necessaries including the goods and services, including the quantum it admittedly agreed to in the Counterclaim.

**Sixth Affirmative Defense**: Failure to mitigate its damages. Defendant has failed to mitigate its damages, failed to give notice or allow correction of any warrantied items, and failed to allow SYG to cure any alleged defects, failed to provide any detail of deficiencies on the items contracted for, and failed to act with dispatch to repair alleged items and other acts.

**Seventh Affirmative Defense**: Waiver:  Counter plaintiff has waived any warranty claims by failing to provide notice of warrantied items, failing to allow Plaintiff to cure any alleged warranty items which acts as a waiver or their claims.

**Eight Affirmative Defenses:** Economic Loss Rule: defendant/Counterplaintiff's damages are limited or excluded by the economic loss rule.

**Ninth Affirmative Defense:** Under Florida's independent tort doctrine, a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims. *BluestarExpo, Inc. v.*

*Enis*, 568 F. Supp. 3d 1332 (S.D. Fla. 2021) The non contract claims brought by defendant/Counterplaintiff are repetitive recast tort claims involving the parties' contract actions.

**Tenth Affirmative Defense**: Defendant/Counterplaintiff's damages are limited by the application of Maritime law including loss of use for a non-commercial vessel.

**Eleventh Affirmative Defense**: Plaintiff/CounterDefendant SYG alleges any and all available defenses under the Florida Uniform Commercial Code, including but not limited to Plaintiff's failure to allow Defendant to cure any alleged non-conformities, and failure to pay for goods and services provided.

**Twelfth Affirmative Defense;** Lack of Standing and Failure to state a claim for attorneys fees. Defendant is not entitled to attorneys fees under this Court's Admiralty Jurisdiction. The prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course. *Misener Marine Const., Inc. v. Norfolk Dredging Co*., 594 F.3d 832 (11th Cir. 2010). The Court is without jurisdiction to hear 46 USC § 31343 and the 28 USC§ 2201 actions, so any derivative claims for attorneys fees under those statutes should be stricken. It is well-settled that"[i]n the absence of fraud or misrepresentation, the release of a vessel upon the posting of security discharges the lien against the vessel."*Algeska Pipeline Service Co. v. Vessel Bay Ridge*, 703 F.2d 381, 384 (9thCir. 1983) (citing *United States v. Ames,* 99 U.S. 35, 36, 25 L.Ed. 295(1878); *Southern Oregon Production v. Oil Screw SWEET PEA*,435 F. Supp. 454, 459 (D.Or. 1977) Thus no lien, no action under the 46 USC § 31343 and 28 USC§ 2201.

Respectfully submitted this May 15, 2024.

*s/Matthew J. Valcourt*
Matthew J. Valcourt
Fla. Bar No. 0088791
VALCOURT AND ASSOCIATES LLC
850 NE Third Street Ste 208
Dania FL 33004
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
Email: mvalcourt@valcourtlaw.com
Attorneys for Plaintiff/CounterDefendant
Starboard Yacht Group LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Matthew J. Valcourt*
Matthew J. Valcourt